## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[1] ALEXIS CANDELARIO-SANTANA,**<br>**a.k.a. "Congo,"**<br>(Counts 1 through 17)<br>**[2] CARMELO RONDON-FELICIANO,**<br>**a.k.a. "Omi,"**<br>(Counts 1 and 15)<br>**[3] CHRISTIAN LOPEZ LEBRON,**<br>(Counts 1 and 15)<br>**[4] WILFREDO CANDELARIO-SANTANA,**<br>**a.k.a. "Coper,"**<br>(Counts 1 and 15)<br>**[5] DAVID OQUENDO-RIVAS,**<br>**a.k.a. "Gordo,"**<br>(Counts 2 through 14)<br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>Criminal No. 09-427 (ADC)<br><br>Violations:<br>   18 U.S.C. § 1962(d)<br>   18 U.S.C. § 1959(a)(1) & (5)<br>   18 U.S.C. § 924(c)(1)(A)<br>   18 U.S.C. § 922(g)(1)<br>   21 U.S.C. § 846<br><br>Forfeiture:<br>   18 U.S.C. § 1963<br>   21 U.S.C. § 853<br>   28 U.S.C. § 2461(c)<br><br>(SEVENTEEN COUNTS) |

**THE GRAND JURY CHARGES:**

### COUNT ONE
(Racketeer Influenced and Corrupt Organizations Act)

#### The Enterprise

1.      At various times relevant to this Indictment, [1] Alexis Candelario-Santana, a.k.a.

"Congo," [2] Carmelo Rondon-Feliciano, a.k.a. "Omi," [3] Christian Lopez Lebron, and [4]

Wilfredo Candelario-Santana, a.k.a. "Coper," the defendants herein, and others known and

unknown, were members and associates of a criminal organization whose members and

associates engaged in narcotics distribution and acts of violence, including murder and attempted

1

murder, and which operated principally in Sabana Seca, Toa Baja, Puerto Rico.

2.     The criminal organization, including its members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

3     The purposes of the enterprise included the following:

a     Enriching the members and associates of the enterprise through the distribution of narcotics.

b.     Preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, threats of violence, assault, and murder.

c.     Promoting and enhancing the enterprise and its members' and associates' activities.

d.     Keeping victims in fear of the enterprise and in fear of its members and associates through threats of violence and murder.

## Means and Methods of the Enterprise

4.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     Members of the enterprise and their associates trafficked in cocaine base ("crack"), cocaine, heroin, and marijuana.

2

b.      Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

c.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals.

d.      Members of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations.

### Racketeering Conspiracy

5.      From in or about and between 1993 through October 2009, both dates being approximate and inclusive, in the District of Puerto Rico and elsewhere,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[2] CARMELO RONDON-FELICIANO,**
**a.k.a. "Omi"**

**[3] CHRISTIAN LOPEZ LEBRON,**

**[4] WILFREDO CANDELARIO-SANTANA,**
**a.k.a. "Coper,"**

the defendants herein, together with other persons known and unknown, being persons employed by and associated with the enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity consisting of multiple acts involving:

a.     narcotics trafficking, including cocaine base ("crack"), cocaine, heroin, and marijuana, in violation of the laws of the United States, that being, Title 21, United States Code, Sections 841 and 846;

b.     murder, chargeable under the Puerto Rico Penal Code, Article 82 (1974);

c.     attempted murder, chargeable under the Puerto Rico Penal Code, Article 82 (1974);

d.     murder, chargeable under the Puerto Rico Penal Code, Article 105 (2004); and

e.     attempted murder, chargeable under the Puerto Rico Penal Code, Article 105 (2004).

6.     It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## Overt Acts

7.     In furtherance of the racketeering conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed and caused to be committed the following overt acts, among others, on or about the following dates, in the District of Puerto Rico and elsewhere:

a.     On or about October 2, 1995, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Javier Martinez Ramos.

b.     On or about November 4, 1996, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Julio Angel Martinez-Santana.

c.     On or about February 23, 1997, in Toa Baja, Puerto Rico, conspirators shot and killed Andres Torres Oquendo based on instructions given by defendant [1] Alexis Candelario-Santana, a.k.a. "Congo."

4

d.      On or about February 28, 1997, in Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Melvin Medina Arce.

e.      On or about March, 1997, in Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Jimmy Nelson Velez Matos.

f.      On or about March 7, 1997, in Sabana Seca, Toa Baja, Puerto Rico, conspirators shot and killed Orlando Cardona Ortiz based on instructions given by defendant [1] Alexis Candelario-Santana, a.k.a. "Congo."

g.      On or about May 26, 1997, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Saul Padin Orozco.

h.      On or about May 27, 1997, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," shot and killed Silvestre Gonzalez Santos.

i.      From in or about and between 1998 through 1999, in Detroit, Michigan, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," received packages containing narcotics that had been shipped from Puerto Rico.

j.      On or about July 25, 1999, in the District of Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," killed Richard Matias Negron.

k.      On or about August 16, 1999, in the District of Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," killed David Nieves Carmona.

l.      On or about January 3, 2001, in Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," and defendant [4] Wilfredo Candelario-Santana, a.k.a. "Coper," shot and killed Zuly Santana-Francis.

m.     On or about January 3, 2001, in Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," and defendant [4] Wilfredo Candelario-Santana, a.k.a. "Coper," shot and killed Harry Santiago-Santiago.

n.     On or about January 3, 2001, in Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," and defendant [4] Wilfredo Candelario-Santana, a.k.a. "Coper," shot and killed Erick Morales-Alvarez.

o.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Joan Manuel Class Guzman.

p.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Pedro Semprit Santana.

q.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Jose Angel Hernandez Martinez.

r.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed John Henry Garcia Martinez.

s.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Elisa Del Carmen Ocasio.

t.     On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico,

6

defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Samuel Ruiz Martinez.

u.    On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Rafael Angel Ramos Rivera.

v.    On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and killed Tina Marie Rodriguez Otero.

w.    On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and attempted to kill Carmen Maria Garcia Santiago.

x.    On or about October 17, 2009, in Sabana Seca, Toa Baja, Puerto Rico, defendant [1] Alexis Candelario-Santana, a.k.a. "Congo," defendant [5] David Oquendo-Rivas, a.k.a. "Gordo," and others shot and attempted to kill O.F.M., a minor.

All in violation of Title 18, United States Code, Section 1962(d).

## Notice of Special Findings for Count One
### (Conspiracy to Possess with Intent to Distribute a Controlled Substance)

From in or about and between 1993 through October 2009, both dates being approximate

and inclusive, in the District of Puerto Rico and elsewhere,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

### [2] CARMELO RONDON-FELICIANO,
### a.k.a. "Omi"

### [3] CHRISTIAN LOPEZ LEBRON,

### [4] WILFREDO CANDELARIO-SANTANA,
### a.k.a. "Coper,"

the defendants herein, did knowingly and intentionally combine, confederate, and agree with

each other and other persons, known and unknown, to commit an offense against the United

States, that is: to possess with intent to distribute fifty (50) grams or more of a mixture or

substance containing cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance,

five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a

Schedule II Narcotic Drug Controlled Substance, one (1) kilogram or more of a mixture or

substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a

mixture or substance containing a detectable amount of marijuana, a Schedule I Narcotic Drug

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in

violation of Title 21, United States Code, Section 846.

8

## COUNT TWO
(Violent Crime in Aid of Racketeering Activity)

### Murder of Joan Manuel Class Guzman

### The Enterprise

1.      At various times relevant to this Indictment, [1] Alexis Candelario-Santana, a.k.a. "Congo," [2] Carmelo Rondon-Feliciano, a.k.a. "Omi," [3] Christian Lopez Lebron, and [4] Wilfredo Candelario-Santana, a.k.a. "Coper," the defendants herein, and others known and unknown, were members and associates of a criminal organization whose members and associates engaged in narcotics distribution and acts of violence, including murder and attempted murder, and which operated principally in Sabana Seca, Toa Baja, Puerto Rico.

2.      At various times relevant to this Indictment, the criminal organization, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise, through its leadership, membership and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances or listed chemicals, in violation of Title 21, United States Code, Sections 841 and 846, and acts involving murder.

## Purposes of the Enterprise

3.      The purposes of the enterprise included the following:

      a      Enriching the members and associates of the enterprise through the distribution of narcotics.

      b.      Preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, threats of violence, assault, and murder.

      c.      Promoting and enhancing the enterprise and its members' and associates' activities.

      d.      Keeping victims in fear of the enterprise and in fear of its members and associates through threats of violence and murder.

## Means and Methods of the Enterprise

4.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

      a.      Members of the enterprise and their associates trafficked in cocaine base ("crack"), cocaine, heroin, and marijuana.

      b.      Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

      c.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals.

      d.      Members of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations.

5.     On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[5] DAVID OQUENDO-RIVAS,**
**a.k.a. "Gordo"**

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Joan Manuel Class Guzman, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

11

## COUNT THREE
(Violent Crime in Aid of Racketeering Activity)

### Murder of Pedro Semprit Santana

1.     Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.     On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Pedro Semprit Santana, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

12

## COUNT FOUR
(Violent Crime in Aid of Racketeering Activity)

### Murder of Jose Angel Hernandez Martinez

1.     Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.     On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Jose Angel Hernandez Martinez, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

## COUNT FIVE
(Violent Crime in Aid of Racketeering Activity)

### Murder of John Henry Garcia Martinez

1.     Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.     On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of John Henry Garcia Martinez, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

14

## COUNT SIX
(Violent Crime in Aid of Racketeering Activity)

### Murder of Elisa Del Carmen Ocasio

1.      Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.      On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[5] DAVID OQUENDO-RIVAS,**
**a.k.a. "Gordo"**

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Elisa Del Carmen Ocasio, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

15

**COUNT SEVEN**
(Violent Crime in Aid of Racketeering Activity)

**Murder of Samuel Ruiz Martinez**

1.      Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.      On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[5] DAVID OQUENDO-RIVAS,**
**a.k.a. "Gordo"**

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Samuel Ruiz Martinez, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

16

## COUNT EIGHT
(Violent Crime in Aid of Racketeering Activity)

### Murder of Rafael Angel Ramos Rivera

1.      Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.      On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Rafael Angel Ramos Rivera, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

17

## COUNT NINE
(Violent Crime in Aid of Racketeering Activity)

### Murder of Tina Marie Rodriguez Otero

1.      Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.      On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did cause the death of Tina Marie Rodriguez Otero, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

## COUNT TEN
### (Use, Carry, and Possession of Firearm in Relation to a Crime of Violence)

On or about October 17, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
### a.k.a. "Gordo"

the defendants herein, aiding and abetting each other, did knowingly possess, brandish, discharge, use and carry a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, during and in relation to a crime of violence, as that term is defined in Title 18, United States Code, Section 924(c)(3), for which he may be prosecuted in a Court of the United States, to wit, a violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count Three of the Indictment, which is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Pedro Semprit Santana, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Pedro Semprit Santana by shooting him with the firearm willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

## COUNT ELEVEN
### (Use, Carry, and Possession of Firearm in Relation to a Crime of Violence)

On or about October 17, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
### a.k.a. "Gordo"

the defendants herein, aiding and abetting each other, did knowingly possess, brandish, discharge, use and carry a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, during and in relation to a crime of violence, as that term is defined in Title 18, United States Code, Section 924(c)(3), for which he may be prosecuted in a Court of the United States, to wit, a violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count Six of the Indictment, which is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Elisa Del Carmen Ocasio, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Elisa Del Carmen Ocasio by shooting her with the firearm willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

20

## COUNT TWELVE
### (Use, Carry, and Possession of Firearm in Relation to a Crime of Violence)

On or about October 17, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] ALEXIS CANDELARIO-SANTANA,
#### a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
#### a.k.a. "Gordo"

the defendants herein, aiding and abetting each other, did knowingly possess, brandish, discharge, use and carry a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, during and in relation to a crime of violence, as that term is defined in Title 18, United States Code, Section 924(c)(3), for which he may be prosecuted in a Court of the United States, to wit, a violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count Seven of the Indictment, which is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Samuel Ruiz Martinez, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Samuel Ruiz Martinez by shooting him with the firearm willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

21

## Notice of Special Findings for Counts Two through Twelve
### [1] Alexis Candelario-Santana, a.k.a. "Congo"

1.    Counts Two through Twelve of this Indictment are hereby realleged and adopted by reference.

2.    It is further alleged that:

   (a)    The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

   (b)    The defendant intentionally killed Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez.  (18 U.S.C. § 3591(a)(2)(A)).

   (c)    The defendant intentionally inflicted serious bodily injury that resulted in the death of Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez.  (18 U.S.C. § 3591(a)(2)(B)).

   (d)    The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims, Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

   (e)    The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims, Pedro

22

Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez, died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D)).

(f)   The defendant has previously been convicted of a State offense punishable by a term of imprisonment of more than 1 year, to wit, murder, involving the use, attempted use, and threatened use of a firearm against another person. (18 U.S.C. § 3592(c)(2)).

(g)   The defendant has previously been convicted of two or more State offenses punishable by a term of imprisonment of more than 1 year, to wit, murder, committed on different occasions, involving the infliction of death upon another person. (18 U.S.C. § 3592(c)(4)).

(h)   The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more person in addition to the victim of the offense. (18 U.S.C. § 3592(c)(5)).

(i)   The defendant committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

(j)   The defendant intentionally killed and attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

23

**Notice of Special Findings for Counts Two through Twelve**
**[5] DAVID OQUENDO-RIVAS, a.k.a. "Gordo"**

1. Count Two through Twelve of this Indictment is hereby realleged and adopted by reference.

2. It is further alleged that:

  (a) The defendant was eighteen (18) years of age or older at the time of the offense. (18 U.S.C. § 3591(a)).

  (b) The defendant intentionally killed Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez. (18 U.S.C. § 3591(a)(2)(A)).

  (c) The defendant intentionally inflicted serious bodily injury that resulted in the death of Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez. (18 U.S.C. § 3591(a)(2)(B)).

  (d) The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims, Pedro Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez, died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C)).

  (e) The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims, Pedro

24

Semprit Santana, Elisa Del Carmen Ocasio, and Samuel Ruiz Martinez, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

(f)    The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more person in addition to the victim of the offense.  (18 U.S.C. § 3592(c)(5)).

(g)    The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(h)    The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  (18 U.S.C. § 3592(c)(16)).

## COUNT THIRTEEN
(Violent Crime in Aid of Racketeering Activity)

### Attempted Murder of Carmen Maria Garcia Santiago

1.      Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.      On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[5] DAVID OQUENDO-RIVAS,**
**a.k.a. "Gordo"**

the defendants herein, aiding and abetting each other and others known and unknown, did attempt to cause the death of Carmen Maria Garcia Santiago, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(5) and 2.

26

## COUNT FOURTEEN
(Violent Crime in Aid of Racketeering Activity)

### Attempted Murder of O.F.M., a Minor

1.    Paragraphs One through Four of Count Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about October 17, 2009, in the District of Puerto Rico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, a thing of pecuniary value from the enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity,

### [1] ALEXIS CANDELARIO-SANTANA,
a.k.a. "Congo"

### [5] DAVID OQUENDO-RIVAS,
a.k.a. "Gordo"

the defendants herein, aiding and abetting each other and others known and unknown, did attempt to cause the death of O.F.M., a minor, with the intention of causing said death, in violation of the Puerto Rico Penal Code, Article105 (2004).

All in violation of Title 18, United States Code, Section 1959(a)(5) and 2.

27

## COUNT FIFTEEN
### (Conspiracy to Possess with Intent to Distribute a Controlled Substance)

From in or about and between 1993 through October 2009, both dates being approximate

and inclusive, in the District of Puerto Rico and elsewhere,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

### [2] CARMELO RONDON-FELICIANO,
### a.k.a. "Omi"

### [3] CHRISTIAN LOPEZ LEBRON,

### [4] WILFREDO CANDELARIO-SANTANA,
### a.k.a. "Coper,"

the defendants herein, did knowingly and intentionally combine, confederate, and agree with

each other and other persons, known and unknown, to commit an offense against the United

States, that is: to possess with intent to distribute fifty (50) grams or more of a mixture or

substance containing cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance,

five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a

Schedule II Narcotic Drug Controlled Substance, one (1) kilogram or more of a mixture or

substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a

mixture or substance containing a detectable amount of marijuana, a Schedule I Narcotic Drug

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

28

## COUNT SIXTEEN
### (Possession of a Firearm with a Prior Conviction)

On or about October 17, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

the defendant herein, having been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, namely, murder in the second degree on May 6, 2003, murder in the second degree on May 20, 2003, murder in the second degree on May 23, 2003, murder in the second degree on June 2, 2003, and murder in the second degree on June 10, 2003, did knowingly and unlawfully possess a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, said firearm having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT SEVENTEEN
**(Possession of a Firearm with a Prior Conviction)**

On or about November 4, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] ALEXIS CANDELARIO-SANTANA,
### a.k.a. "Congo"

the defendant herein, having been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, namely, murder in the second degree on May 6, 2003, murder in the second degree on May 20, 2003, murder in the second degree on May 23, 2003, murder in the second degree on June 2, 2003, and murder in the second degree on June 10, 2003, did knowingly and unlawfully possess a firearm, as defined in Title 18, United States Code, Section 921(a)(3), that is, a firearm of unknown brand, caliber, and serial number, said firearm having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## RICO FORFEITURE

1.      The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of any defendant's conviction under Count One of this Indictment.

2.      The defendants,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[2] CARMELO RONDON-FELICIANO,**
**a.k.a. "Omi"**

**[3] CHRISTIAN LOPEZ LEBRON,**

**[4] WILFREDO CANDELARIO-SANTANA,**
**a.k.a. "Coper,"**

a.      have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.      have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

31

3.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to:

a.    at least $46,720,000.

4.    If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant,

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 2 and 3 above.

5.    The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.

## NARCOTICS FORFEITURE ALLEGATIONS

1.    The allegations contained in Count Fifteen of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.  Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count Fifteen of this Indictment, the defendants,

**[1] ALEXIS CANDELARIO-SANTANA,**
**a.k.a. "Congo"**

**[2] CARMELO RONDON-FELICIANO,**
**a.k.a. "Omi"**

**[3] CHRISTIAN LOPEZ LEBRON,**

**[4] WILFREDO CANDELARIO-SANTANA,**
**a.k.a. "Coper,"**

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to the following: (a) all rights, titles, and interest in all property constituting, or derived from, any proceeds defendants obtained, directly or indirectly, as a result of the offense described in Count Fifteen of this Indictment and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation alleged in Count Fifteen of this Indictment; and (b) at least $46,720,000, which is equal to the amount of proceeds obtained as a result of the offense described in Count Fifteen of this Indictment for which the defendants are jointly and severally liable.

33

2.      If any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

TRUE BILL

3, 2011

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
**UNITED STATES ATTORNEY**

José A. Ruíz-Santiago
Assistant United States Attorney
Chief, Criminal Division

Warren Vázquez
Assistant United States Attorney
Chief, Violent Crimes Unit

José A. Contreras
Assistant United States Attorney

34