IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>[1] ALEXIS CANDELARIO-SANTANA,<br>     Defendant. | **<br>**<br>**  CRIMINAL NO. 09-427 (JAF)<br>**<br>**<br>**<br>**<br>**<br>**<br>** |

## NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH

TO THE HONORABLE COURT:

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and defendant Alexis Candelario-Santana, and his counsel, David Ruhnke, Esq. and Francisco Rebollo-Casalduc, Esq., that the Government believes the circumstances of the offenses charged in Counts Two through Twenty-Five of the Second Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18 of the United States Code, and that the Government will seek sentences of death for these offenses, that is, murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(1), as charged in Counts Two through Nine; firearms murder, in violation of Title 18, United States Code, Section 924(j), as charged in Counts Ten through Seventeen; and drug-related murder, in violation of Title 21, United States Code, Section 848(e)(1)(A), as charged in Counts Eighteen through Twenty-Five, all of which carry a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death:

**A.   Statutory Threshold Findings Enumerated in 18 U.S.C. § 3591(a)(1) and (2)(A)(B)(C) & (D)**

The government will seek to prove the following threshold findings as the basis for the imposition of the death penalty in relation to Counts Two through Twenty-Five of the Second Superseding Indictment:

1. The defendant, Alexis Candelario-Santana, was eighteen (18) years of age or older at the time of the offense.   Section 3591(a).

2. The defendant, Alexis Candelario-Santana, intentionally killed the victims, Tina Marie Rodriguez-Otero and John Garcia-Martinez.   Section 3591(a)(2)(A).

3. The defendant, Alexis Candelario-Santanta, intentionally inflicted serious bodily injury that resulted in the death of the victims, Tina Marie Rodriguez-Otero and John Garcia-Martinez.   Section 3591(a)(2)(B).

4. The defendant, Alexis Candelario-Santana, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims, Tina Marie Rodriguez-Otero, Joan Manuel Class-Guzman, Pedro Semprit-Santana, Jose Angel Hernandez-Martinez, John Henry Garcia-Martinez, Samuel Ruiz-Martinez, Rafael Angel Ramos-Rivera and Elisa del Carmen Ocasio died as a direct result of the act.   Section 3591(a)(2)(C).

5. The defendant, Alexis Candelario-Santana, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tina Marie Rodriguez-Otero, Joan Manuel Class-Guzman, Pedro Semprit-Santana, Jose Angel

Hernandez-Martinez, John Henry Garcia-Martinez, Samuel Ruiz-Martinez, Rafael Angel Ramos-Rivera and Elisa del Carmen Ocasio died as a direct result of the act.   Section 3591(a)(2)(D).

  **B.**  **Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).**

The Government will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts Two through Twenty-Five of the Second Superseding Indictment:

  1. **Previous conviction of violent felony involving firearm.**   The defendant, Alexis Candelario-Santana, has previously been convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person.   (18 U.S.C. § 3592 (c)(2)).

  2. **Previous conviction of other serious offenses.**   The defendant, Alexis Candelario-Santana, has previously been convicted of 2 or more State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person.   (18 U.S.C. § 3592(c)(4)).

  3. **Grave risk of death to additional persons**.   The defendant, Alexis Candelario-Santana, in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victims of the offense.   (18 U.S.C. § 3592(c)(5)).

  4. **Pecuniary gain**.   The defendant, Alexis Candelario-Santana, committed the offense as consideration for the receipt of, or in the expectation of the receipt, of anything of pecuniary value.   (18 U.S.C. § 3592(c)(8)).

    5. **Substantial Planning and Premeditation**. The defendant, Alexis Candelario-Santana, committed the offense after substantial planning and premeditation to cause the death of Tina Marie Rodriguez-Otero, Joan Manuel Class-Guzman, Pedro Semprit-Santana, Jose Angel Hernandez-Martinez, John Henry Garcia-Martinez, Samuel Ruiz-Martinez, Rafael Angel Ramos-Rivera and Elisa del Carmen Ocasio. (18 U.S.C. § 3592(c)(9)).

    6. **Multiple killings or attempted killings**. The defendant, Alexis Candelario-Santana, intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

  C. **Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).**

  The Government will seek to prove the following non-statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts Two through Twenty-Five of the Second Superseding Indictment:

    1. **Pattern of Violent Criminal Conduct.** The defendant, Alexis Candelario-Santana, has participated in a continuous pattern of violent criminal conduct involving the infliction of serious bodily injury or death upon others, including, but not limited to the crimes alleged against the Defendant in the Second Superseding Indictment.

    2. **Continuing Criminal Enterprise**. The defendant, Alexis Candelario-Santana, committed the offense in the course of engaging in a continuing criminal enterprise. **Candelario-Santana** led a continuing criminal enterprise from 1993 to approximately 2004 that involved the distribution of multi-kilogram quantities of cocaine, crack cocaine, heroin and marihuana. Upon his release from prison in 2009, he continued to distribute narcotics and sought to regain control of his drug trafficking organization by committing the offense.

3.   **Lack of Remorse.**   The defendant, Alexis Candelario-Santana, has displayed no remorse for the murders of Tina Marie Rodriguez-Otero, Joan Manuel Class-Guzman, Pedro Semprit-Santana, Jose Angel Hernandez-Martinez, John Henry Garcia-Martinez, Samuel Ruiz-Martinez, Rafael Angel Ramos-Rivera and Elisa del Carmen Ocasio.

4.   **Future Dangerousness.**   The defendant, Alexis Candelario-Santana, poses a continuing danger to others in that he is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

a.   <u>Continuing Pattern of Violence</u>.

The Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, but not limited to the crimes alleged against the Defendant in the Second Superseding Indictment.

b.   <u>Low Rehabilitative Potential</u>.

The Defendant has demonstrated a low potential for rehabilitation as demonstrated by, but not limited to, the following:

(i)   The Defendant committed the capital offenses charged in the Second Superseding Indictment less than a year from his release from prison.

(ii)   Defendant committed the capital offenses charged in the Second Superseding Indictment after serving 6 years in prison for 12 murder convictions.

(iii)   Defendant has committed numerous disciplinary infractions during periods of incarceration.

See <u>Simmons v. South Carolina</u>, 512 U.S. 154, 162-64 (1994).

5. **Victim Impact Evidence.**   The Defendant, Alexis Candelario-Santana, caused injury, harm, and loss to the families of Tina Marie Rodriguez-Otero, Joan Manuel Class-Guzman, Pedro Semprit-Santana, Jose Angel Hernandez-Martinez, John Henry Garcia-Martinez, Samuel Ruiz-Martinez, Rafael Angel Ramos-Rivera and Elisa del Carmen Ocasio, as evidenced by the victims' personal characteristics as individual human beings and the impact of their death upon the victims and the victims' families and friends.   18 U.S.C. § 3593(a); <u>See</u> <u>Payne v. Tennessee</u>, 501 U.S. 808, 825-26 (1991).

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Second Superseding Indictment as they relate to the background and character of the defendant, Alexis Candelario-Santana, his moral culpability, and the nature and circumstances of the offenses charged in Counts Two through Twenty-Five of the Second Superseding Indictment.

WHEREFORE, the United States very respectfully requests that its compliance with 18 U.S.C. § 3593(a) be noted.

RESPECTFULLY SUBMITTED this 8th day of July, 2012, in San Juan, Puerto Rico.

        ROSA EMILIA RODRÍGUEZ-VÉLEZ
        United States Attorney

        s/José A. Contreras
        José A. Contreras
        Assistant United States Attorney
        USDC No. G00612
        Torre Chardón, Suite 1201
        350 Carlos Chardón Avenue
        San Juan, Puerto Rico 00918

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case.

        s/José A. Contreras
        José A. Contreras
        Assistant United States Attorney