UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXIS CANDELARIO-SANTANA (01);
WILFREDO CANDELARIO-SANTANA (04);
DAVID OQUENDO-RIVAS (05),

    Defendants.

Criminal No. 09-427 (JAF)

## MEMORANDUM ORDER

We decide Defendant Alexis Candelario-Santana's[1] motion to exclude evidence, (Docket No. 501), as follows:

### Death of a Fetus

Defendant Candelario-Santana is charged in Count Nineteen of the Third Superseding Indictment with a violation of 18 U.S.C. § 924(j)(1), in that he knowingly and willfully carried and used a firearm during and in relation to a crime of violence causing the death of the unborn child of Carmen María García.

While it is true that the charge is a § 924(j)(1) violation, and not an 18 U.S.C. §§ 1841(a) and (b) (Protection of Unborn Children) accusation, it remains that the gun charge

---

[1] Mr. Candelario-Santana's brother, Wilfredo Candelario-Santana, is a codefendant in this indictment. All references to "Candelario-Santana" are to Alexis Candelario-Santana unless otherwise noted.

Criminal No. 09-427 (JAF)                                                                                         -2-

under § 924(j)(1) specifically makes reference to the particular act of violence where the unborn child, the fetus, was killed.[2]

The evidence of the death of an unborn child, along with the serious gun injuries suffered by the mother, is indeed prejudicial evidence. Any government evidence is intended to be prejudicial. However, the law does not exclude all prejudicial evidence; the law only protects against unfair prejudice, not all prejudice. United States v. Gentles, 619 F.3d 75, 87 (1st Cir. 2010); United States v. Candelaria-Silva, 162 F.3d 698, 705 (1st Cir. 1998) (quoting from United States v. Rivera, 83 F.3d 542, 545 (1st Cir. 1996)). The court must balance prejudice and unfairness. Fed. R. Evid. 403.

Here, the balancing favors admission. The death of the unborn child is central to the charge contained in count nineteen. In addition, the balancing favors admission because that particular instance is one of the many brutal murders and attempted murders that occurred when defendant and others stormed "LaTómbola," guns in hand, resulting in multiple deaths and serious bodily injuries.

We find that the admission does not necessarily mean that all the gory autopsy photos of the unborn baby will be received in evidence. Such admission may be just too much to admit and may border in graphic unfairness. It is enough for the victim and the forensic pathologist to state the ultimate conclusion – the unborn child of Carmen María García was killed, became a dead unviable fetus as a result of the mother's shooting.

**Evidence of Convictions**

Defendant Candelario-Santana objects to the introduction in evidence of Puerto Rico court convictions of murders for which the defendant pled guilty or was found guilty in the

---

[2] We note that the murder of an unborn child (fetus) does not carry the death penalty. See 18 U.S.C. § 1841(2)(D). That matter has to be addressed by jury charge at the penalty face if reached.

Criminal No. 09-427 (JAF) -3-

Puerto Rico criminal court system as part of the overt acts contained in the Indictment. A prior judgment of conviction that is firm and final for a state-law offense that is charged as a RICO predicate racketeering act is admissible to prove the defendant's commission of the disputed racketeering act, along with other evidence promised by the government in Docket No. 521, at paragraph 19:

> 19. Finally, it's legal and proper to admit judgments of conviction to prove a predicate racketeering act. See Tocco, 200 F.3d at 417-18. **Admission of the judgments of conviction, though, does not automatically prove the predicate racketeering act. The Government would introduce additional evidence at trial to corroborate Candelario-Santana's commission of the racketeering act. Moreover, the jury will not be instructed that the judgments of conviction, as a matter of law, establish the existence of the predicate act. Rather, the jury should be instructed that it may consider evidence of the judgements of conviction along with other evidence to determine whether the Government proved that Candelario-Santana committed the racketeering act at issue.**

(Emphasis added.) The Defendant cannot attack those prior judgments of conviction collaterally. United States v. Acosta, 67 F.3d 334, 341 (1st Cir. 1995); see also Custis v. United States, ___ 511 U.S. 485 (1994).

In addition, we will not entertain any kind of collateral attack based on transcripts of trials and change-of-plea hearings before the state court where there is no official record (transcript of proceedings) available. We have decided before, and we reiterate that ruling now, that transcripts prepared by third parties on the basis of recordings, private or otherwise, cannot be used in lieu of properly-prepared and certified transcripts of official proceedings by a court of record, as is the case with Puerto Rico criminal courts. See United States v.

Criminal No. 09-427 (JAF) -4-

Santiago-Lugo, No. 95-029 (D.P.R. April 8, 1996) (appended as Attachment "A" to this Memorandum Order). See also United States v. Macomb County Road Commission, 689 F.3d 506, 513 n.7 (6th Cir. 2012); United States v. Hannon, 1995 WL 129219 n.7 (E.D.Pa.).

Finally, and in reference to Docket No. 748, motion by the government requesting documents, we confirm that the court is not in possession of any CD referenced in the attachments to Docket No. 501.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of January, 2013.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        United States District Judge