IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| **Plaintiff,** | |
| v. | **Criminal No.** 09-427 (FAB) |
| ALEXIS CANDELARIO-SANTANA [1], | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendant Alexis Candelario-Santana ("Candelario") moves to dismiss his indictment and stay his trial "until a properly qualified jury pool can be established" pursuant to the Fifth, Sixth, and Eighth Amendments of the United States Constitution and the Jury Selection and Service Act, 28 U.S.C. §§ 1861-69. (Docket No. 1489 at p. 1.) For the reasons set forth below, the Court **DENIES** Candelario's motion. (Docket No. 1489.)

I.  Background

In March 2013, Candelario was found guilty of violent crimes in aid of racketeering activity, drug trafficking offenses, and thirteen conspiracy-related murders pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") by a death-qualified jury. (Docket No. 985.) At the penalty phase of trial,

the jury failed to reach a unanimous decision as to whether Candelario should receive the death penalty. (Docket No. 1051.)

In August 2013, Candelario received a life sentence. (Docket No. 1145.) Candelario appealed his sentence, and the First Circuit Court of Appeals vacated and remanded Candelario's case to the district court. United States v. Candelario-Santana, 834 F.3d 8 (1st Cir. 2016).

On November 19, 2018, Candelario moved to dismiss his indictment and stay his trial because the grand and petit jury pool is not "representative of the population of the District of Puerto Rico" and fails to satisfy "the guarantees of the Fifth, Sixth, and Eighth Amendments and the Jury Selection and Service Act." (Docket No. 1489 at p. 1.) Candelario contests the requirement that grand and petit jurors must be able "to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form." 28 U.S.C. § 1865(b)(2). He argues that "the English language requirement excludes almost significantly more than 70% of the otherwise eligible population for jury service in death penalty cases in Puerto Rico," and that "[t]his systematic exclusion effectively guarantees the composition of potential federal juror venires as more affluent, conservative, pro-Government, and pro-death penalty, with a significantly less

diverse racial and ethnic composition than a fair cross-section of the community." (Docket No. 1489 at pp. 8, 13-14.)

## II. Legal Standard

"[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. If a grand or petit jury is not comprised of "a fair cross section of the community," the defendant must establish a *prima facie* case:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

United States v. Benmuhar, 658 F.2d 14, 19 (1st Cir. 1981) (citing Duren v. Missouri, 439 U.S. 357, 364 (1979)).

The government can rebut a *prima facie* case of unconstitutional jury disproportionality with evidence that "a significant state interest [is] manifestly and primarily advanced by those aspects of the jury-selection process . . . that result in the disproportionate exclusion of a distinctive group." Duren, 439 U.S. at 367-68. "'States remain free to prescribe relevant qualifications for their jurors and to provide reasonable

exemptions,'" id. at 367 (quoting Taylor v. Louisiana, 419 U.S. 522, 538 (1975)), as long as the restraints are "precisely tailored" to "a significant state interest." Benmuhar, 658 F.2d at 19.

## III. Discussion

Candelario's arguments are unavailing because the English proficiency requirement "manifestly and primarily advance[s]" a "significant state interest" in Puerto Rico. See Benmuhar, 658 F.2d at 19. Even if the English proficiency requirement operates in a "systematic" manner that excludes over seventy percent of the Puerto Rico population, Benmuhar, 658 F.2d at 19, Candelario's contentions are "foreclosed by [the First Circuit Court of Appeals'] precedents, which have repeatedly upheld the English proficiency requirement against such challenges in Puerto Rico district court." United States v. Fernández-Hernández, 652 F.3d 56, 66 (1st Cir. 2011) (citing cases); see United States v. Casey, No. 05-277, 2013 WL 12190486, at *3 (D.P.R. Jan. 23, 2013) (Delgado-Colón, J.) ("Defendant's challenge must fail based on the United States' successful rebuttal of the *prima facie* case.")

Indeed, Candelario acknowledges the overriding caselaw. (Docket No. 1489 at p. 9.) According to Candelario,

> The defense recognizes that beginning with Benmuhar, . . . the First Circuit has repeatedly held that "the overwhelming national interests served by [the] use of

>English in a United States Court justifies conducting proceedings in the District of Puerto Rico in English," so as not to violate the fair cross-section and equal protection requirements of the Fifth and Sixth Amendments.

Id. (internal citations omitted).

Candelario, nevertheless, requests that the Court depart from precedent because "a sentence of death [was not] a potential jury option" in those cases. (Docket No. 1489 at p. 9.) Candelario argues that "'death is different,'" and that "death penalty cases—by their very nature—require a jury to make 'a highly subjective, unique, individualized judgment regarding the punishment that a particular person deserves.'" Id. at p. 14 (quoting Turner v. Murray, 476 U.S. 28, 33-34 (1986)). According to Candelario, "a jury in a death case must 'express the conscience of the community on the ultimate question of life or death,' and a jury in Puerto Rico from which all non-English speakers are excluded 'cannot speak for the community.'" Id. at p. 15 (quoting Witherspoon v. Illinois, 391 U.S. 510, 519-20 (1968)).

The Court rejects Candelario's request to depart from precedent, just as other courts in this district have rejected identical requests to depart from precedent in death penalty cases. See, e.g., Casey, No. 05-277, 2013 WL 12190486, at *3 (finding the English proficiency requirement constitutional in a capital case); United States v. Burgos-Montes, No. 06-099-1 (D.P.R. Feb. 27, 2012)

(García-Gregory, J.) (Docket No. 512 at p. 36) ("[T]hese clear precedents establish that the English language proficiency requirement [must] be upheld even [in] light of [the defendant's] argument that death is different.")

Candelario also proposes accommodations to distinguish his case from precedent. (Docket No. 1489 at p. 16.) He suggests that:

> the First Circuit in Benmuhar, . . . after first explaining the substantial federal interests in holding court in English, went on to explain that its decision was a "narrow one," observing that its decision might be different if the defense proposed "policy accommodations that could have achieve the national language interests without need for an English proficiency requirement for jurors."

Id. (quoting Benmuhar, 658 F.2d at 20). (Docket No. 1489 at p. 16.)

The First Circuit Court of Appeals, however, rejected the same argument in United States v. Dubón-Otero, 292 F.3d 1, 17 (1st Cir. 2002). In Dubón, the defendants "[sought] to distinguish Benmuhar as having been decided in part upon the absence of any viable alternative, while [t]here they suggested simultaneous translation," like Candelario has recommended. Id. The Dubón court held that, as the First Circuit Court of Appeals "stated in United States v. Flores-Rivera, [] it is 'the overwhelming national interest served by the use of English in a United States court,' which 'justifies conducting proceedings in the District of Puerto

Rico in English and requiring jurors to be proficient in that language,'" and that "[t]his justification is independent of the presence or lack of any viable alternatives." Id. (quoting United States v. Flores-Rivera, 56 F.3d 319, 326 (1st Cir. 1995)).

Accordingly, the Court **DENIES** Candelario's motion to dismiss his indictment and stay his trial (docket no. 1489).

**IV. Conclusion**

For the reasons set forth above, Candelario's motion to dismiss and stay the trial (docket no. 1489) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 31, 2019.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE