# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>             **v.**<br><br>ALEXIS CANDELARIO-SANTANA [1],<br><br>    **Defendant.** | **Criminal No.** 09-427 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Pursuant to the Fifth Amendment Double Jeopardy Clause of the United States Constitution, defendant Alexis Candelario-Santana ("Candelario") moves to bar the United States from seeking the death penalty at the retrial of his case. (Docket No. 1480.) For the reasons set forth below, the Court **DENIES** Candelario's motion. (Docket No. 1480.)

I. **Background**

In March 2013, Candelario was found guilty of violent crimes in aid of racketeering activity, drug trafficking offenses, and thirteen conspiracy-related murders pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") by a death-qualified jury. (Docket No. 985.) At the penalty phase of trial, the jury failed to reach a unanimous decision as to whether Candelario should receive the death penalty. (Docket No. 1051.)

In August 2013, Candelario received a life sentence. (Docket No. 1145.) Candelario appealed his sentence, and the First Circuit Court of Appeals vacated and remanded Candelario's case to the district court. United States v. Candelario-Santana, 834 F.3d 8 (1st Cir. 2016).

On November 5, 2018, Candelario moved to bar the United States from seeking the death penalty at the retrial of his case. (Docket No. 1480.) Candelario argues that "[t]he jury's decision to impose a sentence of life imprisonment without possibility of release was unanimous," and that he "was acquitted of death." Id. at pp. 11 and 16. According to Candelario, "At the moment the jury reached its 2013 [penalty] verdict, jeopardy terminated with regard to Candelario's exposure to a death sentence." Id. at p. 6. He asserts that "Double Jeopardy now bars the government from trying a second time to convince a jury to sentence [him] to death." Id. The Court disagrees.

## II. Legal Standard

The Double Jeopardy Clause of the Fifth Amendment "commands that '[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb.'" Sattazahn v. Pennsylvania, 537 U.S. 101, 106 (2003) (citing U.S. Const. amend. V). "[O]nce a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant

may neither be tried nor punished a second time for the same offense." Id. (citation omitted).

Double Jeopardy applies to capital-sentencing proceedings where (1) "such proceedings 'have the hallmarks of the trial on guilt or innocence,'" and (2) "a sentence of life imprisonment signifies that 'the jury has already acquitted the defendant of whatever was necessary to impose the death sentence.'" Sattazahn, 537 U.S. at 106 (citations omitted).

> [T]he relevant inquiry for double-jeopardy purposes [is] not whether the defendant received a life sentence the first time around, but rather whether a first life sentence [is] an "acquittal" based on findings sufficient to establish legal entitlement to the life sentence.

Id. at 108 (citation omitted). "If a jury unanimously concludes that a State has failed to meet its burden of providing the existence of one or more aggravating circumstances, double-jeopardy protections attach to that 'acquittal' on the offense of 'murder plus aggravating circumstance(s)." Id. at 112 (alteration in original) (citation omitted).

The "result" of a deadlocked jury on whether to impose the death penalty, which causes the Court to impose a life sentence, is a "non-result" that "cannot fairly be called an acquittal 'based on findings sufficient to establish legal entitlement to the life sentence.'" Sattazahn, 537 U.S. at 109 (citations omitted). In

Sattazahn, the verdict form returned by the jury made "no findings with respect to the alleged aggravating circumstance" and stated that "the jury deadlocked 9-to-3 on whether to impose the death penalty." Id. As a result, the judge imposed a life sentence as required by Pennsylvania law. Id. (citations omitted). According to the United States Supreme Court, "Since judgment [was] not based on findings which resolve[d] some factual matter, it [was] not sufficient to establish legal entitlement to a life sentence." Id. at 110. The Supreme Court elaborated,

> If petitioner's first sentencing jury had unanimously concluded that Pennsylvania failed to prove any aggravating circumstances, that conclusion would operate as an "acquittal" of the greater offense—which would bar Pennsylvania from retrying petitioner on that greater offense (and thus, from seeking the death penalty) on retrial.

Id. at 112. In contrast, the jury's failure to arrive at unanimous agreement is not "acquittal" of the death penalty. Id. at 109-10.

**III. Discussion**

Double Jeopardy does not bar the United States from seeking the death penalty during the retrial because the jury did not "acquit" Candelario of "murder plus aggravating circumstances." See Sattazahn, 537 U.S. at 112. Like in Sattazahn, the jury in Candelario's case was unable to come to a unanimous decision regarding the imposition of the death penalty, and as a result,

the Court sentenced Candelario to life in prison.  See Docket No. 1051 at pp. 13-28; Docket No. 1145 at p. 3; Sattazahn, 537 U.S. at 109; see also 18 U.S.C. § 3594; Jones v. United States, 527 U.S. 373, 381 (1999) ("[W]hen the jury, after retiring for deliberations, reports itself as unable to reach a unanimous verdict, the sentencing determination passes to the court.").

The special verdict form in Candelario's trial provided the jury with three options:

1. **Death Sentence**

    We determine, by unanimous vote, that a sentence of death shall be imposed.

    YES_____
    NO  _____

2. **Sentence of Life in Prison Without Possibility of Release**

    We determine, by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed.

    YES_____
    NO  _____

3. **Unable to Come to Unanimous Decision**

    After due deliberation, we are unable to come to unanimous agreement on the issues of punishment. We understand that the Court will impose a sentence of life imprisonment without the possibility of release.

    YES_____
    NO  _____

Id. at pp. 13-28. Under "Death Sentence," each juror answered, "NO." Id. Beneath "Life in Prison Without Possibility of Release," every juror responded, "NO." Id. Below "Unable to Come to Unanimous Decision," all jurors replied, "YES." Id.

The jury was clear and deliberate in expressing its deadlock. It had the opportunity to "acquit" Candelario of the death penalty through option two of the special verdict form by unanimous vote for life in prison. (Docket No. 1051 at pp. 13-28.) The jury was "unable to come to unanimous agreement on the issues of punishment," however, and selected option three to manifest its deadlock. Id. This "non-result [] cannot fairly be called an acquittal 'based on findings sufficient to establish legal entitlement to the life sentence.'" See Sattazahn, 537 U.S. at 109 (citations omitted).

Indeed, unlike the jury in Sattazahn, the jury in Candelario's trial unanimously concluded that the United States established the existence of every aggravating factor beyond a reasonable doubt. See Docket No. 1051 at pp. 1-9; cf. Sattazahn, 537 U.S. at 112 (holding that a jury's unanimous conclusion "that [the state] failed to prove any aggravating circumstances" qualifies as "acquittal" of the death penalty). The jury unanimously found that the United States established Candelario's age, all threshold intent factors, all statutory aggravating factors, and all non-

statutory aggravating factors "beyond a reasonable doubt." (Docket No. 1051 at pp. 1-9.)[1]

The jury's unanimous findings as to the existence of aggravating factors and its determination that it was "unable to come to unanimous agreement" do not "acquit" Candelario of the death penalty. Accordingly, the Court **DENIES** Candelario's motion to bar the United States from seeking the death penalty at the retrial of his case (docket no. 1480).

**IV. Conclusion**

For the reasons set forth above, Candelario's motion to bar the United States from seeking the death penalty at the retrial of his case (docket no. 1480) is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 6, 2019.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE

---

[1] The jury also unanimously found the existence of three mitigating factors proven by a preponderance of the evidence: (1) "The environment in which the Defendant grew up was one of violence, death, narcotics trafficking, and other forms of illegal activity;" (2) "Defendant Alexis Candelario-Santana is a human being whose life has value;" and (3) "Lifetime imprisonment is a severe punishment." (Docket No. 1051 at p. 11.)