IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>ALEXIS CANDELARIO-SANTANA [1],<br><br>**Defendant.** | **Criminal No.** 09-427 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Alexis Candelario-Santana ("Candelario")'s motion to dismiss counts 20 through 28, 42, 46, 52, and two forfeiture allegations. (Docket No. 1675.) For the reasons set forth below, Candelario's motion to dismiss is **DENIED**.

I.  Background

On October 19, 2012, the grand jury returned a 52-count third-superseding indictment against Candelario, Carmelo Rondón-Feliciano ("Rondón"), Wilfredo Candelario-Santana, and David Oquendo-Rivas ("Oquendo"). (Docket No. 579.)[1] This indictment

---

[1] Rodón and Wilfredo Candelario-Santana pled guilty to count one of the third-superseding indictment on November 7, 2012 and January 14, 2013, respectively. (Docket Nos. 636 and 763.) Rondón received a sentence of 262 months imprisonment, to be served consecutively with the sentences imposed in Criminal Case Nos. 06-336 (GAG) and 08-290 (GAG). (Docket No. 1074 at p. 2.) Wilfredo Candelario-Santana received a sentence of 151 months imprisonment, minus time served (56 months) in Criminal Case No. 8009300-01 (United States District Court for the Eastern District of Michigan). (Docket No. 1148 at p. 2.)

Criminal No. 09-427 (FAB)                                              2

alleges that Candelario participated in an illicit enterprise in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(d) (count one); participated in an illicit enterprise in violation of the Violent Crime in Aid of Racketeering Activity ("VICAR") Act, 18 U.S.C. 1959(a)(1) and (2) (counts 2 through 10, and counts 29 through 49); knowingly carried and used a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(j)(1) and (2) (counts 11 through 19); committed a drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) (counts 20 through 28); conspired to possess with intent to distribute a controlled substance in violation 21 U.S.C. § 846 (count 50); and possessed a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(e) (counts 51 and 52). Id.

Candelario and Oquendo pled not guilty. (Docket Nos. 615 and 617.) After an eleven-day trial, the jury found the defendants guilty on all counts of the third-superseding indictment. (Docket No. 985.) On August 30, 2013, Candelario received two life sentences, to be served consecutively to each other. (Docket No. 1145.) The First Circuit Court of Appeals subsequently vacated Candelario's conviction, however, holding that the district court committed structural error by violating his Sixth Amendment right to a public trial. United States v. Candelario-Santana, 834 F.3d

Criminal No. 09-427 (FAB)                                                    3

8, 24 (1st Cir. 2016).[2]  Candelario's second trial is set to commence on June 20, 2023.  (Docket No. 1686.)

### A. The Dismissed Counts

During the first trial, the United States moved to dismiss counts 20 through 28, 42, and 52 "in the interest of justice."  (Docket No. 933.)  The Court granted this motion before the United States rested and "without objection from the defense."  (Docket No. 946 at pp. 71 and 97; Docket No. 951; Docket No. 1675 at p. 1.)  Subsequently, both defendants moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29").  Id. at pp. 71-98.  The Court denied Candelario's and Oquendo's Rule 29 motions.  Id. at p. 98.  The following day, "the parties agreed to dismiss [count 46 and] the forfeiture allegation counts, that appear in the Third Superseding Indictment at pages 68 to 71."  (Docket No. 957.)  Ultimately, the Court dismissed counts 20-28, 42, 46, 52, and the forfeiture allegations (hereinafter, the "dismissed counts").

On August 24, 2022, the Court ordered the United States to verify whether double jeopardy attached to the dismissed counts.  (Docket No. 1672.)  The United States complied, contending that Candelario "waived" this defense at the first trial.  (Docket

---

[2] Candelario is no longer eligible for the death-penalty.  See United States v. Candelario-Santana, 977 F.3d 146 (1st Cir. 2020).

Criminal No. 09-427 (FAB)                                                   4

No. 1673 at p. 3.)  Candelario argues, however, that "the Double Jeopardy Clause clearly bars prosecution."  (Docket No. 1675 at p. 1.)

**II.  The Double Jeopardy Clause and Voluntary Dismissal**

"Like the right to trial by jury, [the guarantee against double jeopardy] is clearly fundamental to the American scheme of justice."  Sampson v. United States, 832 F.3d 37, 43 (1st Cir. 2016) (internal quotation marks and citations omitted).  The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  Id. (quoting U.S. Const. amend. V.)  "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn."  United States v. Tobin, 552 F.3d 29, 32 (1st Cir. 2009) (quoting Serfass v. United States, 420 U.S. 377, 388 (1975)).  It is hornbook law that a "verdict of acquittal [cannot] be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution."  United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977) (quotation omitted).

    **A.  Federal Rule of Criminal Procedure 48(a)**

Federal Rule of Criminal Procedure 48(a) ("Rule 48(a)") provides that the United States "may, with leave of court, dismiss an indictment, information, or complaint."  Fed. R. Crim. P. 48(a).  Dismissal during trial requires the defendant's consent.  Id.  The

Criminal No. 09-427 (FAB)                                                    5

United States may dismiss a specific count, electing to prosecute the remaining allegations.  See, e.g., United States v. Iwuala, 789 F.3d 1, 4 n.1 (1st Cir. 2015) (noting that "[one] substantive health-care fraud charge was voluntarily dismissed by the government) (citing Fed. R. Evid. 48(a)); see In re United States, 345 F.3d 450, 452 (7th Cir. 2003) ("It is true that Rule 48(a) of the Federal Rules of Criminal Procedure requires leave of court for the government to dismiss an indictment, information, or complaint – or, we add, a single count of such a charging document.")

Generally, "Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations."  United States v. Raineri, 42 F.3d 36, 43 (1st Cir. 1994) (citation omitted); United States v. Davis, 487 F.2d 112, 118 (5th Cir. 1973) ("[It] is precisely because a dismissal under Rule 48(a) does not bar a subsequent prosecution that the rule requires the consent of the court."); United States v. Hayden, 860 F.2d 1483, 1488 (9th Cir. 1988) ("Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges."); United States v. B.G.G., 53 F.4th 1353, 1363 (11th Cir. 2022) ("The authorities are replete that a Rule 48(a) dismissal is without prejudice.") (citation and quotation marks

Criminal No. 09-427 (FAB)                                                6

omitted); Moore's Fed. Practice § 648.02(3) ("Dismissal by the government under Rule 48(a) does not bar reindictment for the same offense unless the dismissal is expressly stated to be 'with prejudice,' or unless jeopardy has attached") (citations omitted).

### III. Discussion

Candelario contends that the Double Jeopardy Clause bars prosecution of the dismissed counts. (Docket No. 1675.) This argument is based on a false premise. According to Candelario, the Court dismissed counts 20-28, 42, 46, 52, and the forfeiture allegations pursuant to Federal Rule of Criminal Procedure 29. Id. at p. 2. This assertion is belied by the record.

Pursuant to Rule 29, the Court may set aside a jury's guilty verdict and enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29. The First Circuit Court of Appeals has held that, "for double jeopardy purposes, the finality accorded to jury verdicts of acquittal extends equally to judicially rendered judgments of acquittal." United States v. Pacheco, 434 F.3d 106, 112 (1st Cir. 2006) (citation omitted). Accordingly, the United States cannot resurrect counts 20-28, 42, 46, 52, and the forfeiture allegations if Rule 29 formed the basis of dismissal. To resolve Candelario's motion, this Court must determine "whether jeopardy attached in the original [trial] court proceeding."

González v. Justices of the Mun. Ct., 382 F.3d 1, 8 (1st Cir. 2004).  The answer is no.

On March 1, 2013, the United States filed a "Motion for Dismissal of Counts of the Third Superseding Indictment."  (Docket No. 933.)  This motion provides that the United States:

> respectfully requests that the Honorable Court dismiss the following counts contained in the Third Superseding Indictment: Counts 20 through 28 (inclusive); Counts 42 and 52.  **The dismissal is being requested in the interest of justice**.

Id. at p. 1 (emphasis added).  Although the motion does not specifically cite Rule 48(a), the "interest of justice" reference establishes that this motion is requesting a voluntary dismissal.  This rationale is frequently cited by the United States to substantiate a Rule 48(a) motion.  See, United States v. Sullivan, 652 F. Supp. 2d 136, 140 (D. Mass. 2009) (granting the United States leave to dismiss a drug count pursuant to Rule 48(a) in the "interest of justice"); United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir. 1988) ("The government's [Rule 48(a)] motion was filed shortly thereafter; however, the motion was supported only by a broad 'interest of justice' rationale."); United States v. Heaton, 458 F. Supp. 2d 1271 (D. Utah 2006) ("[The] government filed a motion for leave to dismiss the charge without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.  The motion is only one sentence long – this one sentence both makes

Criminal No. 09-427 (FAB)                                                 8

the motion and avers only that dismissal is "in the interest of justice."); cf. Rinaldi v. United States, 434 U.S. 22, 34 (1977) (holding that the "leave of court" provision in Rule 48(a) is "clearly directed toward an independent judicial assessment of the public interest in dismissing the indictment"); In re Richards, 213 F.3d 773, 392 (3d Cir. 2000) ("As an initial matter, although the majority is correct that the express terms of Rule 48(a) do not indicate that a judge's decision to grant or deny a prosecutorial motion to dismiss pending criminal charges are subject to the standards of good faith and the interest of justice, those courts that have sought to interpret Rule 48(a) have imputed those standards to the rule itself.").

The Rule 29 hearing occurred three days after the United States filed the Rule 48(a) motion.  (Docket No. 933; Docket No. 846 at p. 71.)  Before defense counsel requested judgment of acquittal, he stated:  "I know the Government has moved to dismiss ten of the counts . . . Has it been done?"  (Docket No. 846 at p. 71.)  The Court answered: "If it hasn't been done, it will be done.  **Those counts are not before me anymore**."  Id. (emphasis added).  Accordingly, the Court granted the United States' Rule 48(a) motion before hearing the parties' Rule 29 arguments. Id. at pp. 71-92.  The Court then denied the defendant's motion for judgment of acquittal.  Id. at p. 92.  The next day, the Court

Criminal No. 09-427 (FAB)                                              9

issued an order memorializing its oral disposition regarding the United States' Rule 48(a) motion.  (Docket No. 951.)

On March 6, 2013, the Court issued an order providing that: "At the Charge Conference held today the parties agreed to dismiss the forfeiture allegation counts, that appear in the Third Superseding Indictment at pages 68-71.  Count 46 is also dismissed by stipulation."  (Docket No. 857.)  Essentially, the parties agreed to dismiss count 46 and the forfeiture allegations after the Rule 29 hearing.  Consequently, the Court issued this dismissal order pursuant to Rule 48(a), not Rule 29.

Neither Candelario nor Oquendo objected to the dismissal of counts 20-28, 42, 46, 52, and the forfeiture allegations.  This silence constitutes implied consent.  See United States v. Terry, 5 F.3d 874, 877 (5th Cir. 1993) ("[The] prosecution moved for leave to dismiss the indictment under Federal Rule of Criminal Procedure 48(a).  Terry did not object and the district court dismissed the indictment without prejudice."); United States v. Case, Case No. 06-210, 2008 U.S. LEXIS 22891, at *21 (S.D. Miss. Apr. 23, 2008) ("Because Defendants did not contest the government quest to dismiss without prejudice pursuant to Rule 48(a) at the time it was made, the Court finds that they have waived their right to now object to the government's motives underlying that request.") (citing United States v. Welborn, 849 F.2d 980, 985

(5th Cir. 1988)); 28 Moore's Fed. Practice § 648.02 ("After trial has commenced, the government may not dismiss without consent of the defendant. However, the lack of an objection by the defendant is sufficient to show consent.").

Because the Court dismissed counts 20-28, 42, 46, 52, and the forfeiture allegations pursuant to Rule 48(a), Candelario remains subject to prosecution for these accusations. Accordingly, Candelario's double jeopardy motion is **DENIED**.

## IV. Conclusion

For the reasons set forth above, Candelario's motion to dismiss counts 20 through 28, 42, 46, 52, and two forfeiture allegations is **DENIED**. (Docket No. 1675.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 22, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE