**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**             **Criminal No.** 09-427 (FAB)

ALEXIS CANDELARIO-SANTANA [1],

    **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Alexis Candelario-Santana ("Candelario")'s motion to redact counts 20 through 28, 42, 46, 52, and two forfeiture allegations from the third-superseding indictment. (Docket No. 1762.)  For the reasons set forth below, Candelario's motion to dismiss (or to redact the counts) is **HELD IN ABEYANCE.**

I.  **Background**

On October 19, 2012, the grand jury returned a 52-count third-superseding indictment against Candelario, Carmelo Rondón-Feliciano ("Rondón"), Wilfredo Candelario-Santana, and David Oquendo-Rivas ("Oquendo").  (Docket No. 579.)[1]  This indictment

---

[1] Rodón and Wilfredo Candelario-Santana pled guilty to count one of the third-superseding indictment on November 7, 2012 and January 14, 2013, respectively. (Docket Nos. 636 and 763.)  Rondón received a sentence of 262 months imprisonment, to be served consecutively with the sentences imposed in Criminal Case Nos. 06-336 (GAG) and 08-290 (GAG).  (Docket No. 1074 at p. 2.)  Wilfredo

alleges that Candelario participated in an illicit enterprise in
violation of the Racketeer Influenced and Corrupt Organizations
("RICO") Act, 18 U.S.C. § 1962(d) (count one); participated in an
illicit enterprise in violation of the Violent Crime in Aid of
Racketeering Activity ("VICAR") Act, 18 U.S.C. 1959(a)(1) and (2)
(counts 2 through 10, and counts 29 through 49); knowingly carried
and used a firearm during and in relation to a crime of violence
in violation of 18 U.S.C. § 924(j)(1) and (2) (counts 11 through
19); committed a drug-related murder in violation of 21 U.S.C.
§ 848(e)(1)(A) (counts 20 through 28); conspired to possess with
intent to distribute a controlled substance in violation 21 U.S.C.
§ 846 (count 50); and possessed a firearm after having been
convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and
924(e) (counts 51 and 52).  Id.

Candelario and Oquendo pled not guilty. (Docket Nos. 615 and
617.)  After an eleven-day trial, the jury found the defendants
guilty on all counts of the third-superseding indictment. (Docket
No. 985.)  On August 30, 2013, Candelario received two life
sentences, to be served consecutively to each other.  (Docket
No. 1145.)  The First Circuit Court of Appeals subsequently vacated
Candelario's conviction, however, holding that the district court

Candelario-Santana received a sentence of 151 months imprisonment, minus time
served (56 months) in Criminal Case No. 8009300-01 (United States District Court
for the Eastern District of Michigan).  (Docket No. 1148 at p. 2.)

committed structural error by violating his Sixth Amendment right
to a public trial.  United States v. Candelario-Santana, 834 F.3d
8, 24 (1st Cir. 2016).[2]  Candelario's second trial commenced on
June 20, 2023.  (Docket No. 1686.)

## II.  Discussion

During the first trial, the United States moved to dismiss
counts 20 through 28, 42, and 52 "in the interest of justice."
(Docket No. 933.)  The United States and Candelario subsequently
agreed to dismiss [count 46 and] the forfeiture allegation counts,
that appear in the Third Superseding Indictment at pages 68 to
71."  (Docket No. 957.)  Ultimately, the Court dismissed counts
20-28, 42, 46, 52, and the forfeiture allegations pursuant to
Federal Rule of Criminal Procedure 48(a).

### A. The Double Jeopardy Disposition

Candelario prevailed before the First Circuit Court of
Appeals nearly seven years ago.  Candelario-Santana, 834 F.3d 8.
Since 2016, the United States has repeatedly represented to the
Court and to Candelario that the dismissed counts are reinstated
("reinstated counts").  See United States v. Stansfield, 171 F.3d
806, 811 (3rd Cir. 1999) ("[When] the Government gave notice to
the defendant and the Court that it intended . . . to retry [counts

---

[2] Candelario is no longer eligible for the death-penalty.  See United States v.
Candelario-Santana, 977 F.3d 146 (1st Cir. 2020).

previously dismissed at the defendant's first trial], that notice served as the functional equivalent of reinstating the qualifiedly dismissed counts.").  At the November 18, 2016 status conference, the United States asserted that "nothing has changed since the case was [first] tried."  (Docket No. 1265 at p. 1.)  The United States then informed the Court that this "case [reverted] back to the point prior to [the first] trial."  (Docket No. 1273 at p. 1.)

On August 24, 2023, the Court ordered the United States to verify whether double jeopardy attached to the reinstated counts. (Docket No. 1672.)  The double jeopardy issue arose only because these counts were reinstated.  If these counts were no longer viable, the United States need only move to dismiss the allegations or clarify its position regarding reinstatement.  Responding to a moot motion is an exercise in futility and unnecessarily consumes judicial resources. The United States argued, however, that "Double Jeopardy does not attach to the dismissed counts." (Docket No. 1673 at p. 1.)  The Court agreed, denying Candelario's motion to dismiss counts 20 through 28, 42, 46, 52, and the two forfeiture allegations.  United States v. Candelario-Santana, Case No. 09-427, 2023 U.S. Dist. LEXIS 90009 (D.P.R. 2023) (Besosa, J.).  This disposition further reinforced the viability of these counts.

Trial commenced on June 20, 2023.  (Docket No. 1768.) Immediately before opening statements, Candelario moved to

preclude the United States from referring to the reinstated counts. (Docket No. 1762.)  According to Candelario, "trial by jury on [these] counts cannot proceed" because the United States failed to "reindict." Id. at p. 4.  He also requested that the Court redact the reinstated counts from the third-superseding indictment.  Id. at p. 3.

In an abrupt reversal of its previous position, the United States "now agrees that the Indictment should be redacted to eliminate Counts 20-28, 42, 46, and 52 and the Forfeiture Allegation."  (Docket No. 1782 at p. 1.)  This assertion places the reinstated counts in purgatory.  Are these counts dismissed or reinstated?  The United States only avers that it "will make the proper redactions to the Indictment for the jury." Id.  It refers to the "dismissed counts," but does not move for dismissal.  Id. at p. 1.  Accordingly, the United States **SHALL** inform the Court whether it intends to dismiss counts 20-28, 42, 46, 52 and the forfeiture allegations **no later than June 27, 2023.**

**III. Conclusion**

For the reasons set forth above, Candelario's motion to redact counts 20 through 28, 42, 46, 52, and the two forfeiture allegations from the third-superseding indictment is **HELD IN ABEYANCE.**  (Docket No. 1762.)  The United States **SHALL** inform the

Court whether it intends to dismiss counts 20-28, 42, 46, 52 and the two forfeiture allegations **no later than June 27, 2023.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 26, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE