**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**                  **Criminal No.** 09-427 (FAB)

ALEXIS CANDELARIO-SANTANA [1],

    **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Alexis Candelario-Santana ("Candelario")'s motion to dismiss count 51 of the third-superseding indictment. (Docket No. 1763.) For the reasons set forth below, Candelario's motion to dismiss is **DENIED**.

**I.  Background**

On October 19, 2012, the grand jury returned a 52-count third-superseding indictment against Candelario, Carmelo Rondón-Feliciano ("Rondón"), Wilfredo Candelario-Santana, and David Oquendo-Rivas ("Oquendo"). (Docket No. 579.)[1] This indictment alleges that Candelario participated in an illicit enterprise in

---

[1] Rodón and Wilfredo Candelario-Santana pled guilty to count one of the third-superseding indictment on November 7, 2012 and January 14, 2013, respectively. (Docket Nos. 636 and 763.) Rondón received a sentence of 262 months imprisonment, to be served consecutively with the sentences imposed in Criminal Case Nos. 06-336 (GAG) and 08-290 (GAG). (Docket No. 1074 at p. 2.) Wilfredo Candelario-Santana received a sentence of 151 months imprisonment, minus time served (56 months) in Criminal Case No. 8009300-01 (United States District Court for the Eastern District of Michigan). (Docket No. 1148 at p. 2.)

violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(d) (count one); participated in an illicit enterprise in violation of the Violent Crime in Aid of Racketeering Activity ("VICAR") Act, 18 U.S.C. 1959(a)(1) and (2) (counts 2 through 10, and counts 29 through 49); knowingly carried and used a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(j)(1) and (2) (counts 11 through 19); committed a drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) (counts 20 through 28); conspired to possess with intent to distribute a controlled substance in violation 21 U.S.C. § 846 (count 50); and possessed a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(e) (counts 51 and 52).  Id.

Candelario and Oquendo pled not guilty.  (Docket Nos. 615 and 617.)  After an eleven-day trial, the jury found the defendants guilty on all counts of the third-superseding indictment.  (Docket No. 985.)  On August 30, 2013, Candelario received two life sentences, to be served consecutively to each other.  (Docket No. 1145.)  The First Circuit Court of Appeals subsequently vacated Candelario's conviction, however, holding that the district court committed structural error by violating his Sixth Amendment right to a public trial.  United States v. Candelario-Santana, 834 F.3d

8, 24 (1st Cir. 2016).[2]  Candelario's second trial commenced on June 20, 2023.  (Docket No. 1686.)

## II.  Discussion

Candelario seeks to dismiss count 51 of the third-superseding indictment, relying predominately on United States v. Rehaif, 139 S. Ct. 2191 (2019).  (Docket No. 1763.)  The Rehaif court held that, "in a prosecution under 18 U.S.C. § 922(g) and 924(1)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200; see United States v. Austin, 991 F.3d 51, 59 (1st Cir. 2021) (noting that "Rehaif imposes a scienter-of-status requirement: it would require the government to prove [that the defendant] knew he was a felon").

The grand jury returned the third-superseding indictment on October 19, 2012, seven years before the Rehaif decision.  (Docket No. 579.)  Indictments predating Rehaif generally did not contain scienter-of-status allegations.  See United States v. Farmer, 988 F.3d 55, 59 (1st Cir. 2021) (As was then common, the [2017] indictment did not assert that [the defendant] knew he had been convicted of a crime punishable by imprisonment for a term

---

[2] Candelario is no longer eligible for the death-penalty.  See United States v. Candelario-Santana, 977 F.3d 146 (1st Cir. 2020).

exceeding one year."); United States v. Burghardt, 939 F.3d 397, 402 n.3 (1st Cir. 2019) (noting that "the law in this circuit did not previously impose [the] scienter-of-status element for convictions under § 922(g)"). Count 51 is no exception. This count alleges that:

> On or about October 17, 2009, in the District of Puerto Rico, and within the jurisdiction of this Court, [Candelario], having been convicted in a court of a crime punishable of a term of imprisonment exceeding one year, namely, murder in the Third degree on May 6, 2003, murder in the second degree on May 20, 2003, murder in the second degree on May 23, 2003, murder in the second degree on June 2, 2003, and murder in the second degree on June 10, 2003, did knowingly and unlawfully possess a firearm . . . All in violation of Title 18, United States Code, Section 922(g)(1) and 924(e).

(Docket No. 579 at p. 66.)  In 2003, the Puerto Rico Court of First Instance sentenced Candelario to a twelve-year term of imprisonment for murdering 13 people. (Docket No. 1770, Ex. 1 at p. 20; Docket No. 1133 at p. 18.)  For reasons having to do with Commonwealth law on bonification, (Docket No. 1786; 2023 Trial, Transcript of Day 3 of Trial, June 26, 2023 at pp. 141-45, testimony of Sahilín Rodríguez-Escobar), Candelario reentered the free community after serving less than half this sentence. Id.; see United States v. Fletcher, 56 F.4th 179, 185-86 ("It would require something quite extraordinary to convince a jury that a person who actually served a sentence well in excess of a year did not know that his offense had been punishable by more than a year

in prison.") (citation omitted); Farmer, 988 F.3d at 62 ("Because

he actually served three years in prison on his robbery conviction,

he could not have plausibly thought that Rehaif in any way

increased his chances of acquittal . . .").

Pursuant to Federal Rule of Criminal Procedure 12(b)(2)

("Rule 12(b)(2)"), a "motion that the court lacks jurisdiction may

be made at any time while the case is pending." Fed. R. Crim.

12(b)(2). The First Circuit Court of Appeals has held explicitly,

however, that "the government's failure to allege the scienter-

of-status element" in a section 922(g) allegation "[does] not

deprive the district court of jurisdiction." Farmer, 988 F.3d at

61; see United States v. Cotton, 535 U.S. 625, 631 (2002)

(rejecting the proposition "that a defective indictment deprives

a court of jurisdiction"). Consequently, Candelario cannot invoke

Rule 12(b)(2).

This Court has afforded the parties ample opportunity to file

and litigate dispositive motions before trial. See Docket No.

1672 ("Any motion shall be filed way before [February 17, 2023]

and shall be decided before [the next status conference]"). Trial

commenced and double jeopardy attached on the morning of June 20,

2023, when the "selected jurors were sworn in." Docket No. 1768

at p. 2; see United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st

Cir. 2019) ("It is now well-settled law, therefore, that jeopardy

'attaches' when a trial commences; that is, when a jury is sworn or empaneled.") (quoting United States v. Bonilla-Romero, 836 F.2d 39, 42 (1st Cir. 1987)); United States v. Nicholson, 716 Fed. Appx. 400, 414 (6th Cir. Nov. 17, 2017) (holding that Federal Rule of Criminal Procedure 12 "make[s] clear that the swearing-in of the jury serves as the start of trial") (citation and quotation omitted).  Candelario moved to dismiss count 51 immediately after the start of trial, during the midday recess at 1:19 PM.  (Docket No. 1763.)

Federal Rule of Criminal Procedure 12(b)(3) ("Rule 12(b)(3)") provides that motions regarding purported defects in the indictment (*i.e.* failure to state an offense) "must be made before trial."  Fed. R. Crim. Pro. 12(b)(3)(B).  "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."  Fed. R. Crim. P. 12(b)(4)(B); see United States v. Galindo-Serrano, 925 F.3d 40 (1st Cir. 2019) (holding that the defendant waived a pretrial defense by failing to file a timely motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)). Because Candelario moved to dismiss count 51 after the start of trial, his motion is untimely.  Candelario's Rehaif challenge is, thus, waived for failure to comply with Rule 12(b)(3).  See United States v. FNU LNU, 544 F.3d 361, 369 (1st Cir. 2008) ("Because the defendant failed to raise the objection prior to trial, . . . he

Criminal No. 09-427 (FAB)                                        7

has waived his right to argue defectiveness of the indictment on appeal.") (citing Fed. R. Crim. P. 12(b)(3)(B)); <u>Cruzado-Laureano v. Muldrow</u>, Case No. 19-2142, 2020 U.S. LEXIS 86265, at 14 (D.P.R. May 15, 2020) (Woodcock, J.) ("By going to trial without raising the defect [in the indictment], Mr. Cruzado-Laureano waived it").

The Court may consider an untimely motion to dismiss "if the party shows good cause." Fed. R. Crim. P. 12(b)(3).  The Supreme Court issued the <u>Rehaif</u> decision four years ago. 139 S. Ct. 2191. Candelario could have moved to dismiss count 51 well before trial. He did not.  Accordingly, his dismissal motion is **DENIED.**

**III. Conclusion**

For the reasons set forth above, Candelario's motion to dismiss Count 51 of the third-superseding indictment is **DENIED.** (Docket No. 1763.)


**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 30, 2023.


                         s/ Francisco A. Besosa
                         FRANCISCO A. BESOSA
                         SENIOR UNITED STATES DISTRICT JUDGE