IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ALEXIS CANDELARIO-SANTANA [1],<br><br>**Defendant.** | **Criminal No.** 09-427 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Alexis Candelario-Santana ("Candelario")'s motion to dismiss counts 34-41, 43-45, and 47-49 of the third-superseding indictment. (Docket No. 1880.) For the reasons set forth below, Candelario's motion to dismiss is **DENIED**.

**I.   Background**

On October 19, 2012, the grand jury returned a 52-count third-superseding indictment against Candelario, Carmelo Rondón-Feliciano, Wilfredo Candelario-Santana, and David Oquendo-Rivas. (Docket No. 579.)  This indictment alleges, *inter alia*, that Candelario participated in an illicit enterprise in violation of the Violent Crime in Aid of Racketeering Activity ("VICAR") Act, 18 U.S.C. § 1959(a)(1) (counts 2 through 10, and counts 29 through 49.  Id.

Criminal No. 09-427 (FAB)                                                              2

Candelario moves to dismiss fourteen VICAR counts, asserting that these allegations fail to identify the relevant victims. The following table sets forth the unnamed victims and corresponding VICAR count.[1]

| VICAR Count | Victim |
|---|---|
| Count Thirty-three | Victim #2 |
| Count Thirty-four | Victim #3 |
| Count Thirty-five | Victim #4 |
| Count Thirty-Six | Victim #5 |
| Count Thirty-seven | Victim #6 |
| Count Thirty-eight | Victim #7 |
| Count Thirty-nine | Vitim #8 |
| Count Forty | Victim #9 |
| Count Forty-one | Victim #1 |
| Count Forty-three | Victim #13 |
| Count Forty-four | Victim #14 |
| Count Forty-five | Victim #15 |
| Count Forty-seven | Victim #17 |
| Count Forty-eight | Victim #18 |
| Count Forty-nine | Victim #19 |

---

[1] The victims associated with the remaining VICAR counts are Joan Manuel Class Guzmán, Pedro Semprit-Santana, José Ángel Hernández-Martínez, John Henry García-Martínez, Elisa Del Carmen Ocasio, Samuel Ruiz-Martínez, Rafael Ángel Ramos-Rivera, Tina Marie Rodríguez-Otero, an unborn child, Carmen María García Santiago, a minor referred to as "O.F.M.," Wilfredo Semprit-Santana, and Amarylis Fonseca-Matías. (Docket No. 579 at pp. 12-63.)

Criminal No. 09-427 (FAB)                                                          3

## II.  **Legal Standard**

An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him [or her] to enter a plea without fear of double jeopardy." United States v. Ford, 839 F.3d 94, 104 (1st Cir. 2016) (internal quotation marks and citation omitted).  "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words [contain] all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted); see United States v. Rodríguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019) ("Unlike a civil complaint that need allege facts that plausibly narrate a claim for relief, a criminal indictment need only apprise the defendant of the charged offense.") (internal quotation marks and citation omitted).

To adjudicate a motion to dismiss, courts "must take the allegations in the indictment as true," cognizant that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted).  Notably, the indictment need not

Criminal No. 09-427 (FAB)                                                  4

provide a preview of the evidence to be adduced at trial. See United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (noting that the "government need not recite all of its evidence in the indictment").

### A.   The Violent Crime in Aid of Racketeering Activity Act

To secure a VICAR conviction, the United States must prove that:

> (1) an enterprise existed; (2) the enterprise affected interstate commerce; (3) the enterprise was engaged in racketeering activity; (4) the defendant was a member of the enterprise, (5) the defendant committed the alleged crime of violence, and (6) the defendant committed the crime ["for a promise or agreement to pay, anything of pecuniary value," or] in furtherance of his membership in the enterprise.

United States v. Brandao, 448 F. Supp. 2d 311, 327 (D. Mass. 2006); see 18 U.S.C. § 1959(a).  The VICAR counts cite Article 105 of the Puerto Rico Penal Code ("Article 105"), Laws P.R. Ann. tit. 33 § 4733, as the predicate "crime of violence."  Docket No. 579 at pp. 12-22, 44-63; see United States v. Millán-Machuca, 991 F.3d. 7, 21 (1st Cir. 2021) (noting that Article 105 "serve[d] as a predicate offense for a murder in aid of racketeering conviction"); United States v. Ramos, Case No. 12-200, 2017 U.S. Dist. LEXIS 229475, at *10 (D.P.R. May 19, 2019) (Smith, J.) ("The predicate offense for the VICAR charge was aiding and abetting the murder of Christian Toledo Sánchez ("Pekeke") under Puerto Rico law").

Pursuant to Article 105, "murder is to kill another human being with intent." Laws P.R. Ann. tit. 33 § 4733.

### III. Discussion

Candelario contends that the third-superseding indictment is deficient, averring that reference to "'unnamed' individuals [make] it impossible for him to defend against such generic accusation[s]." (Docket No. 1880 at p. 8.) He relies extensively on United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970.) In Tomasetta, the grand jury charged the defendant with collecting extensions of credit by extortionate means. 429 F.2d at 979. The indictment alleged that this offense occurred "on or about June 10, 1969, at Worcester, in the District of Massachusetts." Id. at 979 n.1.

The Tomasetta court adopted a comprehensive analysis, setting forth two guiding principles. First, "what is a fair description of a crime for purposes of permitting adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved." Id. Second, "arbitrary rules as to necessity, in the abstract, of a given averment have no place in the analysis." Id.

The First Circuit Court of Appeals emphasized that the Tomasetta indictment failed to allege the victim's name, the "means by which the alleged threats were communicated," and the specific

Criminal No. 09-427 (FAB)                                                6

location of the offense. Id. at 980. This trifecta proved fatal to the indictment. "No one factor is determinative," however, requiring the Court to assess each offense and charging instrument individually. Id. Omitting the victim's name, without more, "might not . . . have led to [dismissal of the indictment]." Id. at 980-81. For instance, the indictment in Darío-Sánchez v. United States, 341 F.2d 379 (1st Cir. 1965), charged "unlawful transfer of a narcotic drug" without naming the transferee. Id. "Neither Sánchez nor Tomasetta was told the identity of the other person involved in the indictable event." Id. at 981. The indictment in Darío-Sánchez is distinguishable, however, because it permitted the defendant to mount a defense.

Tomasetta does not set forth a categorical requirement, mandating that a VICAR allegation identify the victim by name. Candelario does not cite, and the Court is unaware of, any precedent holding that the exclusion of a victim's name requires dismissal of a VICAR allegation. In fact, sister jurisdictions have held that an indictment need not name the victim to survive a motion to dismiss. See United States v. John-Baptiste, 747 F.3d 186, 196 (4th Cir. 2014) (denying the defendant's motion to dismiss a RICO indictment for failure to name the victim because it "adequately specified the period in which the alleged crimes occurred, and set forth enough specificity about the crimes charged

Criminal No. 09-427 (FAB)                                                        7

to protect against" double jeopardy); United States v. Mizyed, 927 F.2d 979, 981 (7th Cir. 1991) (holding that indictments "which do not identify the specific mail fraud victims by name [are sufficient]"); United States v. Kabbaj, Case No. 16-365, 2016 U.S. Dist. LEXIS 198175, at *7 (E.D. Pa. Oct. 31, 2016) (holding that the defendant's "argument that the Indictment should be dismissed because the United States did not identify the 'other persons' and the type of threatened injury fails because these facts are not required to protect [the defendant] from a subsequent charge arising from the conduct alleged in the Indictment"); Hanton v. United States, Case No. 20-249, 2021 U.S. Dist. 106866, at *19 (W.D.N.C. June 8, 2021) (holding that "the Indictment was not required to charge the elements of the individual racketeering acts or to name the attempted murder victim") (citation omitted).

Counts 34-41, 43-45, and 47-49 of the third-superseding indictment sufficiently inform Candelario of the charges set forth against him, precluding a subsequent prosecution for the same crime.  Accordingly, his motion to dismiss the VICAR counts is **DENIED**.

**IV. Conclusion**

For the reasons set forth below, Candelario's motion to dismiss counts 34-41, 43-45, and 47-49 of the third-superseding indictment is **DENIED**.  (Docket No. 1880.)

Criminal No. 09-427 (FAB)                                                    8

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 18, 2023.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          SENIOR UNITED STATES DISTRICT JUDGE